UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAYMAN BORHAN,<br><br>          Plaintiff,<br><br>     v.<br><br>J. MCKESSON,<br><br>          Defendant. | No. 1:21-cv-0218 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING MATTER BE DISMISSED FOR FAILURE TO PROSECUTE<br><br>Fed. R. Civ. P 41(b); Local Rules 110, 183(b)<br><br>PLAINTIFF'S OBJECTIONS DUE **AUGUST 5, 2024** |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, the undersigned will recommend that this matter be dismissed without prejudice for failure to prosecute. Plaintiff shall have fourteen days to file objections to this order.

I.     BACKGROUND

In February 2021, Plaintiff filed the instant complaint. ECF No. 1 at 6 (signature date of

1

complaint).[1]  On May 2, 2024, the matter was screened.  ECF No. 10.  In the screening order the undersigned found that the complaint failed to state a claim upon which relief could be granted.  ECF No. 10 at 11.  As a result, Plaintiff was ordered to file an amended complaint and was given thirty days in which to do so.  Id.  At that time, Plaintiff was also cautioned that failure to file the amended complaint within the time allotted might result in a recommendation that this matter be dismissed.  Id.

On May 13, 2024, the screening order was returned to the Court marked "Undeliverable, Not located at VSP."  See docket entry dated May 13, 2024.  To date, Plaintiff has not filed a change of address with the Court.

II.   DISCUSSION[2]

A.   Applicable Law

---

[1] The signing date of a pleading is the earliest possible filing date pursuant to the mailbox rule. See Roberts v. Marshall, 627 F.3d 768, 769 n.1 (9th Cir. 2010) (stating constructive filing date for prisoner giving pleading to prison authorities is date pleading is signed); Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).

[2] The five factors identified in Thompson v. Housing Authority of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.) cert. denied 479 U.S. 829 (1986) and Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) that are typically considered when dismissal for failure to obey a court order or failure to prosecute are not considered in this order.  This is because the Court is not required to do so.  See Transamerica Life Ins. Co. v. Arutyunyan, 93 F.4th 1136, 1147 (9th Cir. 2024) (citation omitted) (stating not required to recite and individually discuss factors if record permits independent determination of abuse of discretion); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), as amended (May 22, 1992) ("Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered [the five] factors [in Thompson and Henderson] . . . .");.see also Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 890 n.2 (9th Cir. 2019) (stating same and referencing Ferdik, 963 F.2d at 1261).

The record in this case makes the application of the five factors so clear, that no extended discussion of them is necessary in this situation.  See, e.g., Connecticut General Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (finding same); Transamerica Life Ins. Co., 93 F.4th at 1146-47 (citing Connecticut General Life Ins. Co.) ("It suffices if the district court's analysis, considered in the context of the record as a whole, permits us 'independently to determine if the district court has abused its discretion' in light of these factors.").

The Ninth Circuit will review the record to independently determine if the district court has abused its discretion by dismissing a case.  See Ferdik, 963 F.2d at 1261 (citations omitted); Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (stating not necessary for court to make explicit findings that it has considered five factors; appellate court may review record independently).

1 Local Rule 183 requires a party who is appearing in propria persona to keep the Court informed of his or her current address. L.R. 183(b). It also gives the litigant sixty-three days to file a change of address form with the Court once mail sent to him/her has been returned. Id. Under the rule a litigant's failure to provide a change of address to the Court within this period subjects the matter to dismissal for failure to prosecute. Id.

Federal Rule of Civil Procedure 41(b) also permits the dismissal of a case if a plaintiff fails to prosecute or fails to comply with federal rules and court orders. Fed. R. Civ. P. 41(b). Finally, Local Rule 110 also permits the dismissal of a matter for failure to comply with Local Rules or court orders. L.R. 110.

B. Analysis

More than sixty-three days have passed since the order directing Plaintiff to file an amended complaint was returned to the Court on May 13, 2024. Plaintiff has not filed a change of address with the Court. Although Plaintiff's copy of the screening order was returned to this Court, pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

Because Plaintiff has neither filed an amended complaint as directed nor filed notice of a change of address with the Court, the undersigned will recommend that this matter be dismissed for failure to prosecute. See Fed. R. Civ. P. 41(b); L.R. 183(b); see generally L.R. 110. Plaintiff will be given fourteen days to file objections to these findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this matter.

IT IS FURTHER RECOMMENDED that this matter be DISMISSED without prejudice for failure to prosecute. See Fed. R. Civ. 41(b); Local Rules 110, 183(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations – **by August 5, 2024,** – Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

1  objections within the specified time may waive the right to appeal the District Court's order.
2  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 22, 2024**          **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE