UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAYMAN BORHAN,<br><br>        Plaintiff,<br><br>   v.<br><br>J. MCKESSON,<br><br>        Defendant. | No. 1:21-cv-00218-KES-GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>Doc. 12 |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff filed the complaint in February 2021. Doc. 1. On May 2, 2024, the court screened the matter pursuant to 28 U.S.C. § 1915A(a). Doc. 10. In the screening order, the court found that the complaint failed to state a claim upon which relief could be granted and instructed plaintiff to file an amended complaint within thirty days. *Id.* at 11. It warned plaintiff that failure to file an amended complaint within such thirty days would result in a recommendation that the matter be dismissed. *Id.* On May 13, 2024, the screening order was returned to the court as "Undeliverable, Not located at VSP." *See* Docket.[1] Plaintiff did not update his address with the

---

[1] Though the screening order was returned to the court as undeliverable, it was properly served on plaintiff. *See* Local Rule 182(f) ("Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective.")

court within sixty-three days as required by Local Rule 183.[2]

Thereafter, on July 23, 2024, the assigned magistrate judge issued findings and recommendations recommending dismissal of this action, without prejudice, for plaintiff's failure to prosecute this action pursuant to Local Rule 183(b) and Local Rule 110.  Doc. 12.  The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen days after service.  *Id.* at 3.  No objections were filed, and the deadline to do so has expired.  The findings and recommendations were also returned to the court as undeliverable.  *See* Docket.[3]

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of the case.  Having carefully reviewed the file, the court concludes that the findings that plaintiff failed to comply with the court's orders and failed to prosecute his case are supported by the record.  The Ninth Circuit has held that, prior to dismissing a case as a sanction, the court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The court has independently considered the *Henderson* factors and finds that they weigh in favor of dismissal.  The public's interest in expeditious resolution of litigation and the court's need to manage its docket weigh in favor of dismissal because the court cannot effectively manage its docket nor can the litigation be expeditiously resolved if plaintiff does not litigate his case.  *See Yourish v. Cal.* Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").  The court issued a screening order that required plaintiff's action and plaintiff has not responded to it.  Doc. 10.  Moreover, the screening order was returned as undeliverable, and plaintiff has failed to update his address with the court.  *See* Docket.  As to the third factor, the risk of prejudice to the defendant also weighs in

---

[2] As of August 13, 2024, plaintiff has still not filed a notice of change of address.  *See* Docket.

[3] As with the screening order, though the findings and recommendations were returned to the court as undeliverable, they were properly served on plaintiff pursuant to Local Rule 182(f).

favor of dismissal, given that unreasonable delay in a case gives rise to a presumption of injury to the defendant. *See, e.g.*, *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). While the fourth consideration, that public policy favors disposition of cases on their merits, generally weighs against dismissal, here it lends little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted). Finally, the court's warnings in its screening order issued May 2, 2024, that plaintiff's failure to comply with the court's order may result in dismissal of this action, Doc. 10, satisfies the "considerations of the alternatives" requirement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Additionally, at this stage in the proceedings there is little else available to the court that would constitute a satisfactory lesser sanction given the court's inability to communicate with plaintiff. *See, e.g., Gaston v. Marean*, 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address").

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations issued July 23, 2024, Doc. 12, are adopted in full;
2. This matter is dismissed without prejudice for failure to prosecute; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   August 13, 2024

_____
UNITED STATES DISTRICT JUDGE

3